UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY TREMAINE PEARSON,

        Plaintiff,

v.

DANE HASKIN, SGT MILLER, OFFICER LEWIS, OFFICER BARON, and CITY OF RIVERVIEW, Jointly and Severally,

        Defendants.

_____

CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

_____

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, ANTHONY TREMAINE PEARSON, by and through counsel, Christopher L. Sinclair of Sinclair Law, PLLC, states as follows for his Complaint against the above-named Defendants:

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC section 1983, the Fourteenth Amendment to the United States Constitution, and under the statutes and common law of the State of Michigan.

2. The lawsuit arises out of events occurring within Riverview, Wayne County, Michigan.

3. Jurisdiction is proper pursuant to 28 USC section 1331 and 1367.

4. Venue is proper pursuant to 28 USC section 1391(b)(1) and (2).

## PARTIES

5. Plaintiff, Anthony Tremaine Pearson, resides in Canton, Michigan and was at all times relevant hereto, a citizen of the United States and State of Michigan and resides in the Eastern District of Michigan..

6. Defendant, Dane Haskin, was at all relevant times hereto a Riverview Police officer and is being sued in his individual capacity. Upon information and belief, Defendant Haskin is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

7. Defendant, Sergeant Miller, was at all relevant times hereto a Riverview Police officer and is being sued in his individual capacity. Upon information and belief, Sergeant Miller is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan and was involved in the stop of Plaintiff on November 27, 2024 in the city of Riverview, Michigan, Wayne County, Michigan.

8. Defendant, Officer Lewis, was at all relevant times hereto a Riverview Police officer and is being sued in his individual capacity. Upon information and belief, Officer Lewis is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan and was involved in the stop of Plaintiff on November 27, 2024 in the city of Riverview, Michigan, Wayne County, Michigan.

9. Defendant, Officer Baron, was at all relevant times hereto a Riverview Police officer and is being sued in his individual capacity. Upon information and belief, Officer Baron is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan and was involved in the stop of Plaintiff on November 27, 2024 in the city of Riverview, Michigan, Wayne County, Michigan.

10. Defendant, City of Riverview, is a municipality located in Wayne County, Michigan that employed Defendant Officers and police officers for the Riverview Police Department.

11. At all material times, each of the Defendants acted under color of law, statutes, ordinances, policies, practices, customs, and usages of the state of Michigan, City of Riverview, and the Riverview Police Department.

12. The claims brought herein are cognizable under the United States Constitution and 42 USC section 1983, as well as the statues and common laws of the state of Michigan.

## FACTUAL ALLEGATIONS

13. On November 27, 2024, the vehicle driven by Plaintiff was travelling in the city of Riverview when he was observed by Riverview Police Officers who alleged that Plaintiff's headlights were unlawfully surrounded by red LED lights.

14. After these observations, Riverview Police Officers activated the lights and sirens to signal Plaintiff to stop.

15. Plaintiff activated his hazard lights, travelled less than a mile and drove at a speed that was below the speed limit to location that he believed was a safe and well-lighted place to stop.

16. Plaintiff never accelerated away from the Defendant Officers and *there* is no allegation that Plaintiff was making furtive gestures inside the vehicle while driving at a reasonable speed to a safe location.

17. When Plaintiff stopped the vehicle, he was surrounded by Defendant Officers in multiple police vehicles with lights on and guns drawn.

18. Plaintiff was ordered out of the vehicle and told to walk backwards toward the officers who, again, had their guns drawn.

19. When Plaintiff reached the Defendant Officers, said officers placed Plaintiff in handcuffs and unlawfully placed him under arrest with no actual allegations of criminal activity.

20. Plaintiff was ultimately ticketed for failing to yield to an emergency vehicle and for defective equipment.

21. Plaintiff was at all times relevant hereto a Wayne County Sheriff's Deputy and possessed a valid concealed pistol license.

22. Defendant Officers unlawfully and without probable cause searched Plaintiff's vehicle based on the color of the LED lights surrounding Plaintiff's headlights and his alleged failure to yield.

23. Plaintiff was possessed a valid concealed pistol license and was in lawful possession of a handgun that was located inside the vehicle.

24. After speaking with Plaintiff, Defendant Officers searched Plaintiff's vehicle and located said handgun.

25. At no time did Plaintiff resist Defendant officers.

26. At no time did Plaintiff become aggressive with Defendant officers.

27. At no time prior or during the stop did Plaintiff commit a crime that should have lawfully resulted Plaintiff's arrest.

### COUNT 1 – CONSTITUTIONAL VIOLATIONS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

28. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. Plaintiff had a Constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a deprivation of liberty, property, bodily security,

and integrity without due process of law, and the right to be free from unlawful search and seizures.

30. Plaintiff also had an independent Constitutional right under the Fourteenth Amendment to be free from deprivation of liberty, property, bodily security, and integrity without due process of law.

31. Defendant Officers seized/arrested Plaintiff without probable or reasonable suspicion that criminal activity was afoot.

32. Defendant Officers maliciously and without probable cause forced Plaintiff out of his vehicle, with guns drawn, and arrested him.

33. Defendant Officers intentionally violated the civil rights of Plaintiff through their malicious and wanton disregard for Plaintiff's Constitutional rights.

34. Each Defendant officer failed at their duty to prevent Constitutional violations.

35. At all relevant times, Defendants, acting under color of law, were required to obey the law of the United States including those laws identified and described in the Fourth Amendment of the United States Constitution.

36. Defendants' actions deprived Plaintiff of liberty, bodily security and integrity without due process.

37. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's Constitutional rights.

38. The Constitutional rights that Defendants violated were established at the time that the violations occurred and any reasonable police officer in the Defendant Officers' positions would have and should understood that their conduct violated said rights.

39. Defendants are therefore not entitled to qualified immunity.

40. Defendants intentionally violated the civil rights of Plaintiff through there wanton disregard for Plaintiff's Fourth Amendment rights.

41. Moreover, each of the Defendant Officers had a duty to prevent Plaintiff from suffering from Constitutional violations at the hands of the other officers yet each failed to do so.

42. As a result of Defendants' actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

## COUNT II – CIVIL CONSPIRACY

43. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. As described above, the named Defendants engaged in a concerted action to remove Plaintiff from his vehicle and place him under arrest without Plaintiff having committed any crime and without probable cause that a crime was committed and without reasonable suspicion that a crime was committed without due process.

45. Defendants' actions constitute a civil conspiracy, which requires (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Admiral Ins CO v Columbia Casualty Ins Co,* 194 Mich App 300, 313; 486 NW2d 351 (1992).

46. Plaintiff's civil conspiracy cause of action is based on the underlying cause of action for violation of his Fourth and Fourteenth Amendment rights, and violations of MCL 600.2918.

47. As a result of Defendant's actions, Plaintiff suffered serious damages as hereinafter alleged.

## **DAMAGES**

48. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer damages including, but not limited to:

    a. Legal bill and expenses;

    b. Physical pain, suffering and discomfort, past, present, and future;

    c. Mental anguish;

    d. Fright and shock;

    e. Discomfiture;

    f. Embarrassment, humiliation or mortification;

    g. Other economic loss;

    h. Any and all injuries later discovered or otherwise allowed under Federal and Michigan law.

50. By virtue of the Defendants' outrageous and egregious actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

*Respectfully Submitted*,

/s/ Christopher L. Sinclair
_____
CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

Dated:		October 17, 2025

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above-captioned matter.

*Respectfully Submitted*,

/s/ Christopher L. Sinclair

_____
CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

Dated:       October 17, 2025